1  **Eric Sapir (SBN: 282740)**
2  **LAW OFFICE OF ERIC SAPIR**
   **15760 Ventura Blvd., Suite #700**
3  **Encino, CA 91436**
4  **Telephone: 818-570-3556**
   **Facsimile: 818-855-8063**
5
6  Attorney for Plaintiff Robert Laferte
7

```
                    FILED
           CLERK, U.S. DISTRICT COURT

                OCT 2 1 2013

         CENTRAL DISTRICT OF CALIFORNIA
         EASTERN DIVISION        BY DEPUTY
```

8
                **UNITED STATES DISTRICT COURT**
9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11 ROBERT LAFERTE,                 )  Case No. 12-CV-10118 JGB (AJW)
                                    )
12 Plaintiff,                       )
                                    )
13                                  )  **FIRST AMENDED COMPLAINT**
           vs.                      )  **FOR DAMAGES PURSUANT TO §**
14                                  )  **227 ET SEQ. (TELEPHONE**
15 MYFOOTPATH, LLC.; and            )  **CONSUMER PROTECTION ACT)**
   TOUCHSTONE COMMUNICATIONS)
16 - II, LLC.,                      )  [JURY TRIAL DEMANDED]
                                    )
17                                  )
                                    )
18 Defendants.                      )
19                                  )
                                    )
20                                  )
                                    )
21 _____      )
22 //
23 //
24 //
25
26
27
28

## FIRST AMENDED COMPLAINT FOR DAMAGES
## I. INTRODUCTION

1.      Robert Laferte ("Plaintiff") brings this action for damages, and other available legal or equitable remedies, resulting from the illegal actions of myFOOTPATH, LLC., and TOUCHSTONE COMMUNICATIONS - II, LLC. (collectively referred to herein the "Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA"), thereby invading Plaintiff's privacy.

## II. JURISDICTION AND VENUE

2.      This Court has (a) original diversity jurisdiction over the parties and the claims asserted herein pursuant to 28 U.S.C. §1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy well exceeds $75,000.00 in the aggregate; and (b) original federal question jurisdiction over the parties and the TCPA claims asserted herein pursuant to 47 U.S.C. §227, *et seq.*, and supplemental jurisdiction over Plaintiff's claims under the laws of the state of California pursuant to 28 U.S.C. §1367 because such claims are so related to claims in this action within the Court's original subject matter jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to the claims herein occurred within the State of California and the County of Los Angeles, including Plaintiff's receipt of Defendants' 94 telemarketing calls to Plaintiff's telephone.

### III. PARTIES

4.      Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of Los Angeles. Plaintiff is a telephone subscriber, and he places and receives telephone calls through the use of his telephone having the telephone number of (310) 800-0486 ("Plaintiff's Telephone Number").

5.       Upon information and belief, at all times relevant hereto, Defendant MYFOOTPATH, LLC. ("MYFOOTPATH"), has been an Illinois limited liability company having its principal place of business located at 820 W Jackson Ste. 750, Chicago, IL 60607.

6.      Upon information and belief, at all times relevant hereto, Defendant TOUCHSTONE COMMUNICATIONS- II, LLC ("TOUCHSTONE"), has been a Texas limited liability company having its principal place of business located at 545 S Nolen Dr., Southlake, TX 76092-9176.

7.    At all times relevant hereto, while conducting business in California, Defendants have been subject to, and required to abide by, the laws of the United States and the State of California, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*., and its related regulations ("TCPA Regulations) that are set forth at 47 C.F.R. §64.1200, as well as the opinions, regulations and orders issued by Courts and the Federal Communications Commission ("FCC") implementing and enforcing the TCPA.

## IV. FACTUAL ALLEGATIONS

8.    Plaintiff is informed and believes, and thereon alleges, that on multiple occasions over numerous days, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendants contacted Plaintiff on Plaintiff's telephone on at least 94 separate occasions without Plaintiff's consent.

9.    Plaintiff first registered his telephone number with the National Do Not Call Registry on or about July 23, 2012.  Despite this, Defendants initiated the calls from phone number 201-257-4927 from August 17, 2012, through September 25, 2012, to Plaintiff's telephone, totaling at least 94 calls during said period of time.

//
//

10.      Plaintiff filed a complaint with the FCC on or about August, 28, 2012, against Defendants for the alleged violations.  Defendants continued to call Plaintiff despite the FCC complaint.

11.      As of the date of the filing of this Complaint, Plaintiff has never done any form of business with Defendants.

12.      Upon information and belief: (a) on August 17, 2012, at approximately 6:10 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "First Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)      Called without Plaintiff's prior express consent;

      (b)      Failed to voluntarily state the caller's name; and

      (c)      Failed to voluntarily state the caller's telephone number or address where the caller may be contacted;

13.      Upon information and belief: (a) on August 17, 2012, at approximately 6:26 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Second Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized

agent knowingly failed to state at the beginning of the call that the purpose of the call was to make a sale, and:

> (a)   Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and
>
> (b)   Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

14.    During the Second Call, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.

15.    Upon information and belief: (a) on August 17, 2012, at approximately 6:26 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Third Call") to Plaintiff's Telephone Number for a commercial purpose.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

> (a)   Called without Plaintiff's prior express consent;
>
> (b)   Failed to voluntarily state the caller's name;

//

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

16.     Upon information and belief: (a) on August 17, 2012, at approximately 11:21 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fourth Call") to Plaintiff's Telephone Number for a commercial purpose.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to voluntarily state the caller's name;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of

the call was to make a sale.

17.     Upon information and belief: (a) on August 18, 2012, at

approximately 12:00 p.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed

a live telemarketing call (the "Fifth Call") to Plaintiff's Telephone Number for a

commercial purpose; and (b) in regard to such call, Defendants or their authorized

agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that

the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

18.     Upon information and belief: (a) on August 21, 2012, at

approximately 8:53 a.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed

a live telemarketing call (the "Sixth Call") to Plaintiff's Telephone Number for a

commercial purpose; and (b) in regard to such call, Defendants or their authorized

agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

19.     Upon information and belief: (a) on August 21, 2012, at approximately 9:58 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventh Call") to Plaintiff's Telephone Number for a commercial purpose.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to voluntarily state the caller's name;

(c)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

20.     Upon information and belief: (a) on August 21, 2012, at approximately 2:47 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

21.     Upon information and belief: (a) on August 21, 2012, at approximately 2:59 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Ninth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)      Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

22.      Upon information and belief: (a) on August 21, 2012, at approximately 4:51 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Tenth Call") to Plaintiff's Telephone Number for a commercial purpose.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)      Called without Plaintiff's prior express consent;

(b)      Failed to voluntarily state the caller's name;

(c)      Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)      Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(e)      Failed to state at the beginning of the call that the purpose of the call was to make a sale.

23.      Upon information and belief: (a) on August 21, 2012, at approximately 4:59 p.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eleventh Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

24.    Upon information and belief: (a) on August 22, 2012, at approximately 9:34 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twelfth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

25.     Upon information and belief: (a) on August 22, 2012, at approximately 9:45 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirteenth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

26.     Upon information and belief: (a) on August 22, 2012, at approximately 11:44 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fourteenth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

27.    Upon information and belief: (a) on August 22, 2012, at approximately 2:44 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifteenth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

28.    Upon information and belief: (a) on August 22, 2012, at approximately 2:52 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixteenth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

29.     Upon information and belief: (a) on August 22, 2012, at approximately 5:02 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventeenth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

30.     Upon information and belief: (a) on August 22, 2012, at approximately 5:08 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighteenth Call") to Plaintiff's Telephone Number

for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

> (a)     Called without Plaintiff's prior express consent;
>
> (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and
>
> (c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

31.     Upon information and belief: (a) on August 23, 2012, at approximately 9:05 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Nineteenth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

> (a)     Called without Plaintiff's prior express consent;
>
> (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and
>
> (c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

32.     Upon information and belief: (a) on August 23, 2012, at approximately 9:12 a.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twentieth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

33.    Upon information and belief: (a) on August 23, 2012, at approximately 2:52 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-First Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

34.     Upon information and belief: (a) on August 24, 2012, at approximately 8:51 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-Second Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

35.     Upon information and belief: (a) on August 24, 2012, at approximately 10:47 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-Third Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

36.     Upon information and belief: (a) on August 24, 2012, at approximately 10:50 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-Fourth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

37.     Upon information and belief: (a) on August 24, 2012, at approximately 2:48 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-Fifth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

       (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

       (c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

38.    Upon information and belief: (a) on August 24, 2012, at approximately 2:50 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-Sixth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

       (a)     Called without Plaintiff's prior express consent;

       (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

       (c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

39.    Upon information and belief: (a) on August 24, 2012, at approximately 4:18 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-Seventh Call") to Plaintiff's Telephone

Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

40.    Upon information and belief: (a) on August 24, 2012, at approximately 4:19 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-Eighth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

41.    Upon information and belief: (a) on August 24, 2012, at approximately 5:27 p.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Twenty-Ninth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

42.    Upon information and belief: (a) on August 24, 2012, at approximately 5:29 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirtieth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

43.     Upon information and belief: (a) on August 25, 2012, at approximately 8:51 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-First Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

44.     Upon information and belief: (a) on August 25, 2012, at approximately 8:51 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-Second Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

45.    Upon information and belief: (a) on August 25, 2012, at approximately 10:47 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-Third Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

46.    Upon information and belief: (a) on August 25, 2012, at approximately 10:49 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-Fourth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

47.    Upon information and belief: (a) on August 25, 2012, at approximately 2:13 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-Fifth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

48.    Upon information and belief: (a) on August 25, 2012, at approximately 2:14 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-Sixth Call") to Plaintiff's Telephone

Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

49.    Upon information and belief: (a) on August 27, 2012, at approximately 8:53 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-Seventh Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

50.    Upon information and belief: (a) on August 27, 2012, at approximately 8:53 a.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-Eighth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

51.    Upon information and belief: (a) on August 27, 2012, at approximately 11:14 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Thirty-Ninth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

52.     Upon information and belief: (a) on August 27, 2012, at approximately 11:15 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fortieth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

53.     Upon information and belief: (a) on August 27, 2012, at approximately 2:13 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Forty-First Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

54.    Upon information and belief: (a) on August 27, 2012, at approximately 2:14 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Forty-Second Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

55.    Upon information and belief: (a) on August 27, 2012, at approximately 4:30 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Forty-Third Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

56.     Upon information and belief: (a) on August 27, 2012, at approximately 4:32 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Forty-Forth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

57.     Upon information and belief: (a) on August 27, 2012, at approximately 5:42 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Forty-Fifth Call") to Plaintiff's Telephone Number

for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

58.     Upon information and belief: (a) on August 27, 2012, at approximately 5:42 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Forty-Sixth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

59.     Upon information and belief: (a) on August 28, 2012, at approximately 11:04 a.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Forty-Seventh Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

> (a)    Called without Plaintiff's prior express consent;
>
> (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and
>
> (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

60.    Upon information and belief: (a) on August 28, 2012, at approximately 11:05 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fiftieth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

> (a)    Called without Plaintiff's prior express consent;
>
> (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and
>
> (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

61.    Upon information and belief: (a) on August 28, 2012, at approximately 2:49 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-First Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

62.    Upon information and belief: (a) on August 28, 2012, at approximately 2:50 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-Second Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

63.     Upon information and belief: (a) on August 28, 2012, at approximately 4:46 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-Third Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

64.     Upon information and belief: (a) on August 28, 2012, at approximately 4:46 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-Fourth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

65.     Upon information and belief: (a) on August 29, 2012, at approximately 11:16 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-Fifth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

66.     Upon information and belief: (a) on August 29, 2012, at approximately 11:17 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-Sixth Call") to Plaintiff's Telephone Number

for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)  Called without Plaintiff's prior express consent;

(b)  Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)  Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

67.  Upon information and belief: (a) on August 29, 2012, at approximately 2:07 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-Seventh Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)  Called without Plaintiff's prior express consent;

(b)  Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)  Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

68.  Upon information and belief: (a) on August 29, 2012, at approximately 2:07 p.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-Eighth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

69. Upon information and belief: (a) on August 29, 2012, at approximately 4:55 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Fifty-Ninth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

70.    Upon information and belief: (a) on August 29, 2012, at approximately 4:56 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixtieth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

71.    Upon information and belief: (a) on August 30, 2012, at approximately 8:50 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-First Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

72.     Upon information and belief: (a) on August 30, 2012, at approximately 8:51 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-Second Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

73.     Upon information and belief: (a) on August 30, 2012, at approximately 9:23 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-Third Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

74.    Upon information and belief: (a) on August 30, 2012, at approximately 9:23 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-Fourth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

75.    Upon information and belief: (a) on August 30, 2012, at approximately 1:23 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-Fifth Call") to Plaintiff's Telephone Number

for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

76. Upon information and belief: (a) on August 30, 2012, at approximately 1:24 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-Sixth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

77. Upon information and belief: (a) on August 30, 2012, at approximately 5:07 p.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-Seventh Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

78.    Upon information and belief: (a) on August 30, 2012, at approximately 5:07 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-Eighth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

79.     Upon information and belief: (a) on August 31, 2012, at approximately 8:51 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Sixty-Ninth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)     Called without Plaintiff's prior express consent;

    (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

80.     Upon information and belief: (a) on August 31, 2012, at approximately 8:52 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventieth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)     Called without Plaintiff's prior express consent;

    (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

   (c) Failed to honor Plaintiff's previous demand that the caller

     place Plaintiff's name on its Do-Not-Call List.

  81. Upon information and belief: (a) on August 31, 2012, at

approximately 11:51 a.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed

a live telemarketing call (the "Seventy-First Call") to Plaintiff's Telephone

Number for a commercial purpose; and (b) in regard to such call, Defendants or

their authorized agent knowingly and/or willfully:

   (a) Called without Plaintiff's prior express consent;

   (b) Failed to maintain a record of Plaintiff's previous demand that

     the caller place Plaintiff's name on its Do-Not-Call List; and

   (c) Failed to honor Plaintiff's previous demand that the caller

     place Plaintiff's name on its Do-Not-Call List.

  82. Upon information and belief: (a) on August 31, 2012, at

approximately 11:52 a.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed

a live telemarketing call (the "Seventy-Second Call") to Plaintiff's Telephone

Number for a commercial purpose; and (b) in regard to such call, Defendants or

their authorized agent knowingly and/or willfully:

   (a) Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

83.     Upon information and belief: (a) on August 31, 2012, at approximately 1:51 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventy-Third Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

84.     Upon information and belief: (a) on August 31, 2012, at approximately 1:52 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventy-Fourth Call") to Plaintiff's Telephone

Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

85.    Upon information and belief: (a) on September1, 2012, at approximately 2:08 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventy-Fifth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

86.    Upon information and belief: (a) on September1, 2012, at approximately 2:09 p.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventy-Sixth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

87.    Upon information and belief: (a) on September 4, 2012, at approximately 9:36 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventy-Seventh Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

88.     Upon information and belief: (a) on September 4, 2012, at approximately 9:36 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventy-Eighth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

89.     Upon information and belief: (a) on September 5, 2012, at approximately 9:45 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Seventy-Ninth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

90.    Upon information and belief: (a) on September 5, 2012, at approximately 9:45 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eightieth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

91.    Upon information and belief: (a) on September 5, 2012, at approximately 1:13 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-First Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

92.    Upon information and belief: (a) on September 5, 2012, at approximately 1:13 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-Second Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

93.    Upon information and belief: (a) on September 5, 2012, at approximately 2:12 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-Third Call") to Plaintiff's Telephone

Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

94.     Upon information and belief: (a) on September 5, 2012, at approximately 2:13 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-Fourth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

95.     Upon information and belief: (a) on September 5, 2012, at approximately 5:11 p.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-Fifth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

96.    Upon information and belief: (a) on September 5, 2012, at approximately 5:12 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-Sixth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

97.     Upon information and belief: (a) on September 6, 2012, at approximately 11:34 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-Seventh Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)     Called without Plaintiff's prior express consent;

    (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (c)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

98.     Upon information and belief: (a) on September 6, 2012, at approximately 11:34 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-Eighth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)     Called without Plaintiff's prior express consent;

    (b)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (c)    Failed to honor Plaintiff's previous demand that the caller

        place Plaintiff's name on its Do-Not-Call List.

99.    Upon information and belief: (a) on September 7, 2012, at approximately 9:39 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Eighty-Ninth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

100.    Upon information and belief: (a) on September 7, 2012, at approximately 9:39 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Ninetieth Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

101.   Upon information and belief: (a) on September 7, 2012, at approximately 2:58 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Ninety-First Call") to Plaintiff's Telephone Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)    Called without Plaintiff's prior express consent;

      (b)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

102.   Upon information and belief: (a) on September 7, 2012, at approximately 2:59 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Ninety-Second Call") to Plaintiff's Telephone

Number for a commercial purpose; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)   Called without Plaintiff's prior express consent;

      (b)   Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

      (c)   Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List.

    103.   Upon information and belief: (a) on September 25, 2012, at approximately 3:37 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a live telemarketing call (the "Ninety-Third Call") to Plaintiff's Telephone Number for a commercial purpose.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

      (a)   Called without Plaintiff's prior express consent;

      (b)   Failed to voluntarily state the caller's name;

      (c)   Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(d)     Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List; and

(e)     Failed to state at the beginning of the call that the purpose of

the call was to make a sale.

104.   Upon information and belief: (a) on September 25, 2012, at

approximately 3:38 p.m., without Plaintiff's prior express permission or

invitation, Defendants or their authorized agent knowingly and/or willfully placed

a live telemarketing call (the "Ninety-Fourth Call") to Plaintiff's Telephone

Number for a commercial purpose; and (b) in regard to such call, Defendants or

their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Failed to maintain a record of Plaintiff's previous demand that

the caller place Plaintiff's name on its Do-Not-Call List; and

(c)     Failed to honor Plaintiff's previous demand that the caller

place Plaintiff's name on its Do-Not-Call List.

105.   In regard to each of the above-described 94 calls to Plaintiff's

telephone:

(a)     Plaintiff was a "recipient" as this term is used in 47 U.S.C.

§227, *et seq*.;

(b)    Each call was initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(3); and

(c)    Each of the calls contained, or was made for the purpose of, material advertising, the commercial availability or quality of property, goods or services, which was transmitted to Plaintiff without Plaintiff's prior express invitation or permission, in writing or otherwise and, therefore, was an "unsolicited advertisement" as defined in 47 U.S.C. §227(a)(5).

## COUNT 1

**First Call - Violation of TCPA Regulation**
**47 C.F.R. §64.1200(d)(4)**
**(Against All Defendants)**

106.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

107.   Defendants' conduct, in placing the First Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

108.   Defendants' conduct, in placing the First Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 2

**First Call - Violation of TCPA Regulation
47 C.F.R. §64.1200(d)(4)
(Against All Defendants)**

109.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

110.   Defendants' conduct, in placing the First Call to Plaintiff's telephone and failing to voluntarily identify the telephone number or address of the business, individual, or other entity initiating the call, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

111.   Defendants' conduct, in placing the First Call to Plaintiff's telephone and failing to voluntarily identify the telephone number or address of the business, Individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is

entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 3

**Second Call – Violation of the TCPA and TCPA Regulations**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**
**(Against All Defendants)**

112.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

113.    In placing the Second Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

114.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 4

**Second Call – Violation of the TCPA and TCPA Regulations**
**47 C.F.R. §64.1200(d)(4))**
**(Against All Defendants)**

115.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

//

116.   Defendants' conduct, in placing the Second Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

117.   Defendant's conduct, in placing the Fourth Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 5

**Third Call – Violation of the TCPA and TCPA Regulations**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

118.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

119.   In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants

knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

120.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 6

**Third Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
(Against All Defendants)**

121.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

122.   In placing the Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

123.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

//

//

# COUNT 7

## Third Call – Violation of the TCPA and TCPA Regulations
## 47 C.F.R. §64.1200(d)(4))
## (Against All Defendants)

124.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

125.   Defendants' conduct, in placing the Third Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

126.   Defendant's conduct, in placing the Fourth Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

//

//

//

//

## **COUNT 8**

**(Third Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

127.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

128.   In placing the Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

129.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## **COUNT 9**

**(Fourth Call - Violation of TCPA Regulation
47 C.F.R. §64.1200(d)(4))
(Against All Defendants)**

130.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

131.   Defendants' conduct, in placing the Fourth Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or

other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

132.   Defendant's conduct, in placing the Fourth Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 10

**(Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

133.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

134.   In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

135.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 11

**(Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

136.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

137.   In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

138.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

//

//

//

## **COUNT 12**

### **(Fourth Call - Violation of TCPA Regulation 47 U.S.C. §227(c) and 47 C.F.R. §64.1200(c)(1)) (Against All Defendants)**

139.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

140.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's telephone at 11:21 p.m., well past 9:00 p.m.,, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c) and 47 C.F.R. §64.1200(c)(1).

141.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c) and 47 C.F.R. §64.1200(c)(1), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## **COUNT 13**

### **(Fifth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)**

142.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

143.    In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-

Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

144.    Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 14

**(Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

145.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

146.    In placing the Fifth Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

147.    Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

//

//

## COUNT 15

**(Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

148.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

149.   In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

150.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 16

**(Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

151.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

152.   In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

153.    Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 17

**Seventh Call – Violation of the TCPA and TCPA Regulations**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

154.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

155.    In placing the Seventh Call to deliver a telephone solicitation to

Plaintiff's residence, and failing to record Plaintiff's name and/or telephone

number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants

knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R.

§64.1200(d)(3).

156.    Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 18

**Seventh Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
(Against All Defendants)**

157.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

158.   In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

159.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 19

**Seventh Call – Violation of the TCPA and TCPA Regulations
47 C.F.R. §64.1200(d)(4))
(Against All Defendants)**

160.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

161.   Defendants' conduct, in placing the Seventh Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R.

§64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

162.   Defendant's conduct, in placing the Fourth Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## **COUNT 20**

**(Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

163.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

164.   In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

//

//

165.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 21</u>

**(Eighth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**
**(Against All Defendants)**

166.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

167.   In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

168.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

//

//

//

## COUNT 22

**(Eighth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

169.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

170.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

171.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 23

**(Ninth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

172.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

173.    In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

174.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 24

**(Ninth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

175.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

176.   In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

177.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 25

### Tenth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

178.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

179.   In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

180.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 26

### Tenth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
### (Against All Defendants)

181.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

182.   In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper

maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

183.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 27

**Tenth Call – Violation of the TCPA and TCPA Regulations**
**47 C.F.R. §64.1200(d)(4))**
**(Against All Defendants)**

184.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

185.   Defendants' conduct, in placing the Tenth Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

186.   Defendant's conduct, in placing the Fourth Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore,

Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 28

**(Tenth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

187.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

188.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

189.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 29

**(Eleventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

190.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

191.   In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

192.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 30

### (Eleventh Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

193.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

194.   In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

//
//

195.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## **COUNT 31**

**(Twelfth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

196.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

197.   In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

198.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

//

//

//

## COUNT 32

**(Twelfth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

199.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

200.   In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

201.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 33

**(Thirteenth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

202.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

203.   In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

204.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 34

### (Thirteenth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

205.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

206.   In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

207.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 35

**(Fourteenth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

208.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

209.   In placing the Fourteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

210.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 36

**(Fourteenth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

211.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

212.   In placing the Fourteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

213.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 37

### (Fifteenth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

214.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

215.   In placing the Fifteenth Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-

Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

216.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

//

## COUNT 38

**(Fifteenth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

217.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

218.   In placing the Fifteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

219.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 39

**(Sixteenth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**
**(Against All Defendants)**

220.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

221.   In placing the Sixteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

222.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 40

**(Sixteenth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

223.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

224.   In placing the Sixteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

225.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 41

### Seventeenth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

225.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

226.    In placing the Seventeenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

227.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 42

### Seventeenth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
### (Against All Defendants)

228.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

229.    In placing the Seventeenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

230.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 43

### (Eighteenth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

231.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

232.   In placing the Eighteenth Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-

Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

233.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

//

## COUNT 44

**(Eighteenth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

234.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

235.   In placing the Eighteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

236.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 45

**(Nineteenth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

237.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

238.   In placing the Nineteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

239.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 46

**(Nineteenth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

240.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

241.   In placing the Nineteenth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

242.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 47

**(Twentieth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

243.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

244.    In placing the Twentieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

245.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 48

**(Twentieth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

246.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

247.    In placing the Twentieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

247.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 49

**(Twenty-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

248.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

249.   In placing the Twenty-First Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-

Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

250.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

//

## COUNT 50

### (Twenty-First Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

251.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

252.   In placing the Twenty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

253.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 51

### (Twenty-Second Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

254.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

255.   In placing the Twenty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

256.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 52

**(Twenty-Second Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

257.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

258.   In placing the Twenty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

259.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 53

**(Twenty-Third Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

260.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

261.   In placing the Twenty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

262.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 54

**(Twenty-Third Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

263.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

264.   In placing the Twenty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

265. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 55

**(Twenty-Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

266. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

267. In placing the Twenty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

268. Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 56

**(Twenty-Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

269.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

270.   In placing the Twenty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

271.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 57

**Twenty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
(Against All Defendants)**

272.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

273.   In placing the Twenty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

274.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 58

### Twenty-Fifth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
### (Against All Defendants)

275.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

276.   In placing the Twenty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

277.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## **COUNT 59**

**(Twenty-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

278.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

279.    In placing the Twenty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

280.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## **COUNT 60**

**(Twenty-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

281.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

282.    In placing the Twenty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

283.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 61

### (Twenty-Seventh Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

284.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

285.   In placing the Twenty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

286.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 62

**(Twenty-Seventh Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

287.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

288.   In placing the Twenty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

289.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 63

**(Twenty-Eighth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**
**(Against All Defendants)**

290.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

291.   In placing the Twenty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

292.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 64

**(Twenty-Eighth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

293.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

294.   In placing the Twenty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

295.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 65

**(Twenty-Ninth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

296.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

297.   In placing the Twenty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

298.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 66

**(Twenty-Ninth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

299.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

300.   In placing the Twenty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

301.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 67

**(Thirtieth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

302.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

303.   In placing the Thirtieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

304.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 68</u>

**(Thirtieth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

305.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

306.   In placing the Thirtieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

307.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 69</u>

**(Thirty-First Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**
**(Against All Defendants)**

308.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

309.   In placing the Thirty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

310.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 70

### (Thirty-First Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

311.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

312.   In placing the Thirty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

313.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 71</u>

**(Thirty-Second Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

314.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

315.   In placing the Thirty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

316.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 72</u>

**(Thirty-Second Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

317.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

318.   In placing the Thirty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

319.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 73

### Thirty-Third Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

320.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

321.   In placing the Thirty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

322.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 74

### Thirty-Third Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
### (Against All Defendants)

323.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

324.   In placing the Thirty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

325.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 75

### (Thirty-Fourth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

326.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

327.   In placing the Thirty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

328.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 76

**(Thirty-Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

329.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

330.   In placing the Thirty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

331.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## **COUNT 77**

**(Thirty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

332.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

333.   In placing the Thirty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

334.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## **COUNT 78**

**(Thirty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

335.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

336.   In placing the Thirty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

337.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 79

**(Thirty-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

338.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

339.   In placing the Thirty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

340.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 80

**(Thirty-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

341.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

342.   In placing the Thirty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

343.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 81

**(Thirty-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

344.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

//

345.   In placing the Thirty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

346.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 82

**(Thirty-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

347.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

348.   In placing the Thirty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

//

349.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 83</u>

**(Thirty-Eighth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

350.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

351.   In placing the Thirty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

352.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

//

//

//

## COUNT 84

**(Thirty-Eighth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

353.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

354.   In placing the Thirty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

355.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 85

**(Thirty-Ninth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**
**(Against All Defendants)**

356.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

357.   In placing the Thirty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

358.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 86

**(Thirty-Ninth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)**

359.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

360.   In placing the Thirty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

361.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 87

### (Fortieth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

362.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

363.    In placing the Fortieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

364.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 88

### (Fortieth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

365.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

366.    In placing the Fortieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

367.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 89

**Forty-First Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)**
**(Against All Defendants)**

368.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

369.   In placing the Forty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

370.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 90

### Forty-First Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
### (Against All Defendants)

371.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

372.   In placing the Forty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

373.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 91

### (Forty-Second Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

374.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

375.   In placing the Forty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

376.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 92

### (Forty-Second Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

377.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

378.   In placing the Forty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

379.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 93

**(Forty-Third Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

380.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

381.   In placing the Forty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

382.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 94

**(Forty-Third Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

383.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

384.   In placing the Forty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

385.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 95

### (Forty-Fourth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

386.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

387.   In placing the Forty-Fourth Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-

Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

388.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

//

## <u>COUNT 96</u>

**(Forty-Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

389.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

390.   In placing the Forty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

391.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 97</u>

**(Forty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

392.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

393.   In placing the Forty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

394.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 98

### (Forty-Fifth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

395.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

396.   In placing the Forty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

397.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 99</u>

**(Forty-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

398.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

399.   In placing the Forty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

400.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 100</u>

**(Forty-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

401.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

402.   In placing the Forty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

403.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 101

**(Forty-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

404.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

405.   In placing the Forty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

406.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 102

**(Forty-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

407.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

408.   In placing the Forty-Seventh Call to deliver a telephone solicitation

to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

409.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 103

**(Forty-Eighth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

410.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

411.   In placing the Forty-Eighth Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

412.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 104

**(Forty-Eighth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

412.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

413.   In placing the Forty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

414.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 105

**(Forty-Ninth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

415.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

416.   In placing the Forty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

417.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 106

**(Forty-Ninth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

418.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

419.   In placing the Forty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

420.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 107

**Fiftieth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)**
**(Against All Defendants)**

421.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

422.   In placing the Fiftieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

423.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 108</u>

**Fiftieth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
(Against All Defendants)**

424.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

425.   In placing the Fiftieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

426.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 109</u>

**(Fifty-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

427.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

428.   In placing the Fifty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

429.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 110

**(Fifty-First Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

430.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

431.   In placing the Fifty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

432.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 111

**(Fifty-Second Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

433.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

434.   In placing the Fifty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

435.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 112

**(Fifty-Second Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

436.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

437.   In placing the Fifty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

438.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 113

**(Fifty-Third Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

439.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

440.   In placing the Fifty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

441.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 114

### (Fifty-Third Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

442.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

443.   In placing the Fifty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

444.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 115

### (Fifty-Fourth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

445.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

446.   In placing the Fifty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

447.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 116

**(Fifty-Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

448.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

449.   In placing the Fifty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

450.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 117

**(Fifty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

451.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

452.   In placing the Fifty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

453.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 118

**(Fifty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

454.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

455.   In placing the Fifty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

456.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 119

**(Fifty-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

457.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

458.   In placing the Fifty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

459.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 120

### (Fifty-Sixth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

460.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

461.   In placing the Fifty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

462.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 121

### (Fifty-Seventh Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

463.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

464.   In placing the Fifty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

465.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 122

### (Fifty-Seventh Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

466.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

467.   In placing the Fifty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

468.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 123

### Fifty-Eighth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

469.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

470.   In placing the Fifty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

471.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 124

### Fifty-Eighth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
### (Against All Defendants)

472.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

473.   In placing the Fifty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

474.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 125

### (Fifty-Ninth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

475.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

476.   In placing the Fifty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

477.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 126

### (Fifty-Ninth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

478.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

479.   In placing the Fifty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

480.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 127

### (Sixtieth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

481.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

482.   In placing the Sixtieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

483.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 128

**(Sixtieth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

484.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

485.   In placing the Sixtieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

486.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 129

**(Sixty-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

487.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

488.    In placing the Sixty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

489.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 130

**(Sixty-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

490.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

491.    In placing the Sixty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

492.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 131

### (Sixty-Second Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

493.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

494.   In placing the Sixty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

495.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 132

**(Sixty-Second Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

496.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

497.   In placing the Sixty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

498.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 133

**(Sixty-Third Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

499.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

500.   In placing the Sixty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

501.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 134

**(Sixty-Third Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

502.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

503.   In placing the Sixty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

504.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 135

### (Sixty-Fourth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

505.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

506.   In placing the Sixty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

507.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 136

### (Sixty-Fourth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

508.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

509.   In placing the Sixty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

510.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 137

**(Sixty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

511.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

512.   In placing the Sixty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

513.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 138

### (Sixty-Fifth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

514.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

515.    In placing the Sixty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

516.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 139

### Sixty-Sixth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) (Against All Defendants)

517.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

518.    In placing the Sixty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

519.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 140

### Sixty-Sixth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
### (Against All Defendants)

520.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

521.   In placing the Sixty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

523.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 141</u>

**(Sixty-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

524.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

525.    In placing the Sixty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

526.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 142</u>

**(Sixty-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

527.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

528.    In placing the Sixty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

529.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 143

### (Sixty-Eighth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

530.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

531.   In placing the Sixty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

532.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 144

**(Sixty-Eighth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

533.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

534.   In placing the Sixty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

535.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 145

**(Sixty-Ninth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**
**(Against All Defendants)**

536.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

537.   In placing the Sixty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

538.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 146

**(Sixty-Ninth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)**

539.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

540.   In placing the Sixty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

541.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 147</u>

**(Seventieth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))**
**(Against All Defendants)**

542.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

543.   In placing the Seventieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

544.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 148</u>

**(Seventieth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))**
**(Against All Defendants)**

545.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

546.   In placing the Seventieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

547.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 149

**(Seventy-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

548.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

549.   In placing the Seventy-First Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-

Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

550.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

//

## COUNT 150

**(Seventy-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

551.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

552.   In placing the Seventy-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

553.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 151

**(Seventy-Second Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

554.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

555.   In placing the Seventy-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

556.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 152

**(Seventy-Second Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

557.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

558.   In placing the Seventy-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

559.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 153</u>

### (Seventy-Third Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

600.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

601.    In placing the Seventy-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

602.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 154</u>

### (Seventy-Third Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

603.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

604.    In placing the Seventy-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

605.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

### COUNT 155

**(Seventy-Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

606.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

607.   In placing the Seventy-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

608.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 156

**(Seventy-Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

609.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

610.   In placing the Seventy-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

611.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 157

**Seventy-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
(Against All Defendants)**

612.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

613.   In placing the Seventy-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

614.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 158

### Seventy-Fifth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
### (Against All Defendants)

615.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

616.   In placing the Seventy-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

617.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 159</u>

**(Seventy-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

618.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

619.   In placing the Seventy-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

620.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 160</u>

**(Seventy-Sixth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

621.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

622.   In placing the Seventy-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

623.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 161

**(Seventy-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

624.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

625.   In placing the Seventy-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

626.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 162

**(Seventy-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

627.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

628.   In placing the Seventy-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

629.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 163

**(Seventy-Eighth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

630.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

631.   In placing the Seventy-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

632.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 164

**(Seventy-Eighth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)**

633.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

634.   In placing the Seventy-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

635.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 165</u>

**(Seventy-Ninth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

636.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

637.   In placing the Seventy-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

638.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 166</u>

**(Seventy-Ninth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

639.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

640.   In placing the Seventy-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

641.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 167

**(Eightieth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

642.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

643.   In placing the Eightieth Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-

Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

644.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

//

## COUNT 168

**(Eightieth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

645.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

646.   In placing the Eightieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

647.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 169

**(Eighty-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

648.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

649.   In placing the Eighty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

650.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 170

**(Eighty-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

651.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

652.   In placing the Eighty-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

653.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 171

### (Eighty-Second Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

654.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

655.   In placing the Eighty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

656.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 172

### (Eighty-Second Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

657.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

658.   In placing the Eighty-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

659.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 173

### (Eighty-Third Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

660.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

661.   In placing the Eighty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

662.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 174

### (Eighty-Third Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

663.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

664.   In placing the Eighty-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

665.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 175

### Eighty-Fourth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) (Against All Defendants)

666.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

667.   In placing the Eighty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

668.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 175

**Eighty-Fourth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
(Against All Defendants)**

669.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

670.   In placing the Eighty-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

671.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## **COUNT 176**

**(Eighty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

672.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

673.   In placing the Eighty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

674.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## **COUNT 177**

**(Eighty-Fifth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

675.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

676.   In placing the Eighty-Fifth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List,

Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47

C.F.R. §64.1200(d)(3).

677.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 178

### (Eighty-Sixth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

678.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

679.   In placing the Eighty-Sixth Call to deliver a telephone solicitation to

Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-

Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

680.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

//

## COUNT 179

### (Eighty-Sixth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

681.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

682.   In placing the Eighty-Sixth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

683.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 180

### (Eighty-Seventh Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
### (Against All Defendants)

684.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

685.   In placing the Eighty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

686.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 181

**(Eighty-Seventh Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

687.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

688.   In placing the Eighty-Seventh Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

689.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## <u>COUNT 182</u>

**(Eighty-Eighth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

690.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

691.   In placing the Eighty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

692.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## <u>COUNT 183</u>

**(Eighty-Eighth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

693.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

694.   In placing the Eighty-Eighth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

695.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 184

### (Eighty-Ninth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

696.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

697.   In placing the Eighty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

698.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 185

### (Eighty-Ninth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)) (Against All Defendants)

699.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

700.   In placing the Eighty-Ninth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

701.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 186

### (Ninetieth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

702.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

703.   In placing the Ninetieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

704.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 187

**(Ninetieth Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

705.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

706.   In placing the Ninetieth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

707.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## **COUNT 188**

**(Ninety-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6))
(Against All Defendants)**

708.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

709.   In placing the Ninety-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

710.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## **COUNT 189**

**(Ninety-First Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

711.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

712.   In placing the Ninety-First Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the

caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

713.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 190

### (Ninety-Second Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

714.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

715.   In placing the Ninety-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

716.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## COUNT 191

**(Ninety-Second Call - Violation of TCPA Regulation
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

717.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

718.   In placing the Ninety-Second Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

719.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 192

**Ninety-Third Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

720.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

721.   In placing the Ninety-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to record Plaintiff's name and/or telephone

number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

722.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 193

**Ninety-Third Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
(Against All Defendants)**

723.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

724.   In placing the Ninety-Third Call to deliver a telephone solicitation to Plaintiff's residence, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

725.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

//

## **COUNT 194**

**Ninety-Third Call – Violation of the TCPA and TCPA Regulations**
**47 C.F.R. §64.1200(d)(4))**
**(Against All Defendants)**

726.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

727.   Defendants' conduct, in placing the Ninety-Third Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

728.   Defendant's conduct, in placing the Fourth Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

//

//

//

//

## COUNT 195

### (Ninety-Third Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)) (Against All Defendants)

729.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

730.   In placing the Ninety-Third Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

731.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 196

### Ninety-Fourth Call - Violation of TCPA Regulation 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) (Against All Defendants)

732.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

733.   In placing the Ninety-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to maintain a record of Plaintiff's previous

demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

734.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 197

### Ninety-Fourth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3)
### (Against All Defendants)

735.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

736.   In placing the Ninety-Fourth Call to deliver a telephone solicitation to Plaintiff's telephone, and failing to honor Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

737.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for the following relief on the foregoing claims against Defendants, jointly and severally :

A.     For a declaratory judgment that Defendants' conduct violated the TCPA;

B.     For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendants' violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(B);

C.     For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(C);

D.     For actual damages;

E.     For punitive damages in an amount sufficient to discourage such future actions by Defendants and others, and in the Court's discretion;

F.     For attorneys' fees and costs; and

G.     For such other and further relief as the Court may deem just and proper.

//
//
//
//
//
//
//
//

## <u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury on all of his claims against Defendants.

Dated: October, 2013

**LAW OFFICE OF ERIC SAPIR**

By: _____

Eric Sapir
Attorney for Plaintiff