SEAN P. FLYNN
SFLYNN@GORDONREES.COM
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Cross-Defendant
TOUCHSTONE COMMUNICATIONS-II, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT LAFERTE,<br><br>               Plaintiff,<br><br>vs.<br><br>myFOOTPATH LLC,<br><br>               Defendant. | CASE NO. 2:12-CV-10118 JGB (AJW)<br><br>CROSS-DEFENDANT TOUCHSTONE COMMUNICATIONS-II, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE CROSS-COMPLAINT, OR IN THE ALTERNATIVE TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORTITIES |
| myFOOTPATH LLC,<br><br>               Cross-Complainant,<br><br>vs.<br><br>TOUCHSTONE COMMUNICATIONS – II, LLC; and ROES 1 through 50, inclusive,<br><br>               Cross-Defendants. | Date: July 14, 2014<br>Time: 9:00 am<br>Courtroom: 1<br>Judge: Hon. Jesus G. Bernal |

# **TABLE OF CONTENTS**

I.   Introduction .................................................................................................6

II.  STATEMENT OF FACTS..........................................................................7

III. Legal Analysis .............................................................................................8

    A.   Standard Governing Fed.R.Civ.P. 12(b)(3) and U.S.C. § 1406 Motions to Dismiss or Transfer ...........................................................8

    B.   This Case Should Be Dismissed Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure Because myFootpath Filed This Lawsuit in this Court in Violation of a Valid Forum Selection Clause. ..................................................................................8

        1.   Standard of Review for a Motion to Dismiss Under Rule 12(b)(3). .................................................................................10

        2.   myFootpath Agreed to Litigate His Claims in a Illinois Court. .........................................................................................11

        3.   myFootpath Does Not and Cannot Challenge the Validity of the Forum Selection Clause......................................................11

        4.   This Litigation Falls Within The Scope of the Forum Selection Clause..............................................................................13

        5.   myFootpath Breached the Very Agreement It Seeks to Enforce Rendering Its Hands "Unclean" Entitling Touchstone to a Dismissal and Attorneys' Fees. ......................14

    C.   Alternatively, This Court Should Transfer the Lawsuit to the U.S. District Court for the District of Illinois the Appropriate Venue Under the Forum Selection Clause............................................15

IV.  CONCLUSION ..........................................................................................16

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

# TABLE OF AUTHORITIES

**Cases**

Applied Waterproofing Tech., Inc. v. American Safety Indem. Co. (S.D. Cal. Aug. 10, 2009) 2009 WL 2448272 ...9

Argueta v. Banco Mexicano, S.A. (9th Cir. 1996) 87 F.3d 320 ...7, 9, 10, 11

Atlantic Marine Construction Company v. United States District Court, (2013) 134 S.Ct. 568 ...8

Carnival Cruise Lines v. Shute (1991) 499 U.S. 585 ...11

Cedars-Sinai Medical Center v. Global Excel Management, Inc. (CD. Cal. Dec. 30, 2009) 2009 WL 7322253 ...13

Chudner v. Transunion Interactive Inc. (D. Or. June 8, 2009) 626 F. Supp.2d 1084 ...9, 14

Crescent Intern., Inc v. Avatar Communities, Inc) (3d Cir. 1988) 857 F.2d 943 ...12

Docksider, Ltd. v. SEA Tech., LTD (9th Cir. 1989) 875 F.2d 762 ...9

Flake v. Medline Indus., Inc. (E.D. Cal. 1995) 882 F.Supp. 947 ...7, 13

Graham Tech. Solutions v. Thinking Pictures (N.D. Cal. 1997) 949 F. Supp. 1427 ...12

Guenther v. Crosscheck (N.D. Cal. Apr. 30, 2009) 2009 WL 1248107 ...9

Manetti-Farrow, Inc. v. Gucci America, Inc. ...12, 13

M/S Breman v. Zapasa Off-Shore Co. (1972) 407 U.S. 1 ...8, 11

Mirar Dev. v. Kroner (1999) 308 Ill. App. 3d 483 ...14

Murphy v. Schneider Nat'l, Inc. (9th Cir. 2003) 362 F.3d 1133 ...9

Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co. (1945) 324 U.S. 806 ...13

Reynolds Metals Co. v. Alperson, 25 Cal.3d 124 ...14

Whipple Indus., Inc. v. Opcon AB (E.D. Cal. Sep. 7, 2005) 2005 WL 2175871 ...9

**Statutes**

28 U.S.C. § 1391 ...8, 9

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

1    28 U.S.C. § 1404............................................................................................................5

2    28 U.S.C. § 1406......................................................................................................passim

3    Fed.R.Civ.P.12.........................................................................................2, 5, 7, 8, 9, 10

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 14, 2014 at 9:00 a.m. in Courtroom 1 of the United States District Court for the Central District of California, Western Division located at 3470 Twelfth Street, Riverside, California, Cross-Defendant Touchstone Communications-II, LLC ("Touchstone") will and hereby does seek an order from this Court dismissing the Cross-Complaint of Defendant/Cross-Complainant myFootpath, LLC ("myFootpath") or, alternatively, transferring this matter to the Northern District of Illinois on the grounds that a valid, written choice of venue agreement exists between Touchstone and myFootpath.

The Motion is supported by this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, papers and records on file herein, and any oral argument that may be presented at the hearing; and upon such other matters as this Court may consider.

Dated: June 3, 2014                    GORDON & REES LLP

                                       By:  */s/ Sean P. Flynn*
                                            Sean P. Flynn
                                            GORDON & REES LLP
                                            Attorneys for Defendant
                                            TOUCHSTONE
                                            COMMUNICATIONS, LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

This venue is neither proper nor convenient. Defendant/Cross-Complainant myFootpath, LLC ("myFootpath") entered into a Publisher Agreement ("Agreement") with Cross-Defendant Touchstone Communications-II, LLC ("Touchstone") agreeing: (1) that all actions or proceedings shall be heard or litigated exclusively in the City of Chicago, County of Cook, State of Illinois; and (2) myFootpath waives any rights to transfer or change the venue of such action or proceeding or object to the jurisdiction of Cook County, Illinois. (Declaration of Tom Slone ("Slone Decl.") ¶¶ 2 and 3; Exhibit "A".) As such, the United States District Court for the Northern District of Illinois is the proper forum for this matter.

It has long been held that forum selection clauses are prima facie valid and should be enforced by the courts unless the agreement is unreasonable or unjust, was procured by fraud or overreaching, violates the forum's strong public policy, or litigation in the designated forum would be seriously inconvenient. The party challenging a forum selection clause must meet a heavy burden of proving that enforcement of the clauses would be unreasonable under the circumstances of the case. myFootpath cannot meet this heavy burden.

As shown below, this Court must either dismiss this matter under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406 or, in the alternative, transfer this matter to United States District Court for the Northern District of Illinois under 28 U.S.C. § 1406 or 28 U.S.C. § 1404. Touchstone therefore moves this Court for an order dismissing this matter or transferring this matter to Cook County, Chicago, Illinois.

II. **STATEMENT OF FACTS**

In 2011, Touchstone entered a contract with myFootpath wherein Touchstone would generate "warm transfer calls" for myFootpath. (Slone Decl., ¶2; Exhibit "A"; also see First Amended Cross-Complaint ("FAXC") ¶19.)

The Agreement memorialized the parties' choice-of-law and forum selection in the event of the dispute relating to the Agreement as follows:

> **14.     Jurisdiction and Venue** MFP AND PUBLISHER IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS IN ANY WAY, MANNER OR RESPECT, ARISING OUT OF OR FROM OR RELATED TO THIS AGREEMENT, THE ADVERTISING OR ANY DOCUMENT, INSTRUMENT OR TRANSACTION IN CONNECTION HEREWITH OR THEREWITH SHALL BE HEARD OR LITIGATED EXCLUSIVELY IN COURTS HAVING SITUS WITHIN THE CITY OF CHICAGO, COUNTY OF COOK, STATE OF ILLINOIS.  MFP AND PUBLISHER CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURT LOCATED WITHIN SAID COUNTY, COUNTY AND STATE AND IRREVOCABLY WAIVE ANY RIGHT TO TRANSFER OR CHANGE VENUE OF ANY SUCH ACTION OR PROCEEDING OR OBJECT TO THE JURISDICTION OF ANY SUCH COURT OVER THE PARTIES HERETO.

(Slone Decl., ¶¶2 and 3; Exhibit "A".) The United States District Court for the Northern District of Illinois is the only federal district court located in the Cook County, Chicago Illinois.

myFootpath disregarded the Agreement's forum selection clause when it chose to file its claim in this Court on May 14, 2014 alleging equitable indemnity, comparative contribution, declaratory relief, express contractual indemnity, and breach of contract against Touchstone. (FAXC ¶8-31.) Indeed, each and everyone of myFootpath's claims  arise out of work performed by myFootpath and Touchstone pursuant to the Agreement and Touchstone's alleged breach of the Agreement. (FAXC ¶ 28-31..)

MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

## III. LEGAL ANALYSIS

### A. Standard Governing Fed.R.Civ.P. 12(b)(3) and U.S.C. § 1406 Motions to Dismiss or Transfer

28 U.S.C. § 1406 (a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Fed.R.Civ.P.12(b)(3) provides that Touchstone may assert an improper venue defense by motion. Fed.R.Civ.P.12(b)(3) and 28 U.S.C. § 1406(a) apply when a forum selection clause dictates that suit should have been brought elsewhere. (Flake v. Medline Indus., Inc. (E.D. Cal. 1995) 882 F.Supp. 947 (transferring action subject to enforceable forum selection clause where plaintiff indicated that if the case could not be heard in California, plaintiff would seek transfer rather than dismissal).) Where a valid forum selection clause designates another court as the exclusive venue for litigation, dismissal of the action under Fed.R.Civ.P.12(b)(3) is proper. (Argueta v. Banco Mexicano, S.A. (9th Cir. 1996) 87 F.3d 320 (affirming trial court's dismissal of plaintiff's complaint where an enforceable forum selection clause in the parties' loan agreement required actions arising from the agreement to be brought in Mexico). Alternatively, the Court may transfer the case to a district or division in which it could have been brought. (28 U.S.C. § 1406 (a); Flake, *supra,* 882 F.Supp. at 952.)

### B. This Case Should Be Dismissed Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure Because myFootpath Filed This Lawsuit in this Court in Violation of a Valid Forum Selection Clause.

Despite the binding, contractual agreement to litigate in Illinois, myFootpath filed the instant action in this Court, an improper venue. Touchstone requests that

1  the Court dismiss the case or, alternatively, transfer the case to the federal District
2  Court for the Northern District of Illinois. The Agreement between myFootpath
3  and Touchstone contains a mandatory forum selection provision that confer the
4  state and federal courts of Cooke County, Illinois with exclusive venue.  (Slone
5  Decl., ¶¶ 2 and 3; Exhibit "A".)

6  Pursuant to a recent U.S. Supreme Court opinion, the question of whether
7  venue is "wrong" or "improper" was determined to be generally governed by 28
8  U.S.C.S. § 1391(b), The court held that "civil action may be brought in -- 1)
9  judicial district in which any defendant resides, if all defendants are residents of
10 the State in which the district is located; 2) a judicial district in which a substantial
11 part of the events or omissions giving rise to the claim occurred, or a substantial
12 part of property that is the subject of the action is situated; or 3) if there is no
13 district in which an action may otherwise be brought as provided in this section,
14 any judicial district in which any defendant is subject to the court's personal
15 jurisdiction with respect to such action." If the case does not fall within one of the
16 three categories, then venue is improper and must be dismissed or transferred
17 pursuant to 28 U.S.C. § 1406 or Rule 12(b).   (Atlantic Marine Construction
18 Company v. United States District Court, (2013) 134 S.Ct. 568, 496-497.)

19 Here, Touchstone is not a resident of California. Indeed, Touchstone is a
20 limited liability company organized and existing under the laws of the State of
21 Texas with its principal place of business in Southlake Texas.  (FAXC ¶3.)
22 Moreover, nowhere in the Cross-Complaint does myFootpath allege where the
23 alleged events or omissions giving rise to the claim occurred.  Thus, the only
24 "proper" venue is option three – judicial district in which Touchstone is subject to
25 the court's personal jurisdiction. Which in this case is either Texas or Illinois.

26 Consistent with the Supreme Court's pronouncement that, forum selection
27 clauses "are prima facie valid" federal courts routinely enforce such clauses. (M/S
28 Breman v. Zapasa Off-Shore Co. (1972) 407 U.S. 1, 10 (enforcing forum selection

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1 clause that required suit to be brought in London); <u>Docksider, Ltd. v. SEA Tech., LTD</u> (9th Cir. 1989) 875 F.2d 762, 763 (holding that where forum selection clause is mandatory, the clause will be enforced); <u>Guenther v. Crosscheck</u> (N.D. Cal. Apr. 30, 2009) 2009 WL 1248107 (enforcing forum selection clause); <u>Applied Waterproofing Tech., Inc. v. American Safety Indem. Co.</u> (S.D. Cal. Aug. 10, 2009) 2009 WL 2448272, 2 (dismissing lawsuit for improper venue pursuant to forum selection clause).)

Given that jurisdiction is improper in California based upon the application of 28 U.S.C. § 1391(b) and that myFootpath expressly contracted for exclusive jurisdiction in Chicago, Illinois, this Court should dismiss the action for improper venue or, in the alternative, transfer the case to the federal District Court for the Northern District of Illinois.

       1.     Standard of Review for a Motion to Dismiss Under Rule 12(b)(3).

The Ninth Circuit has instructed that a motion to dismiss based on a forum selection clause should be analyzed as a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)").[1] (<u>Argueta v. Banco Mexicano S. A.</u> (9th Cir. 1996) 87 F.3d 320, 324); <u>Whipple Indus., Inc. v. Opcon AB</u> (E.D. Cal. Sep. 7, 2005) 2005 WL 2175871, 1 (granting motion to dismiss under Rule 12(b)(3) where forum selection clause called for different venue).) A court must draw all reasonable inferences in favor of the non-movant and must resolve all factual issues in that party's favor. (<u>Murphy v. Schneider Nat'l, Inc.</u> (9th Cir. 2003) 362 F.3d 1133, 1138.) However, when ruling on a Rule 12(b)(3) motion, the pleadings need not be accepted as true and the court may "consider facts outside the pleadings." (<u>Murphy</u>, *supra,* 362 F.3d at 1137; *see also*

---

[1] Once improper venue has been determined, 28 U.S.C. § 1406(a) requires that the Court either dismiss the case or transfer it to another district where venue is proper. (<u>Chudner v. Transunion Interactive, Inc.</u> (D. Or. June 8, 2009) 626 F. Supp.2d 1084, 1088-1089 (enforcing forum selection clause and transferring case to different district where venue was proper).)

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  Argueta, *supra,* 87 F.3d at 324 (stating that "Rule 12(b)(3) . . . permits the district
2  court to consider facts outside of the pleadings and is consistent with the Supreme
3  Court standard for resolving forum selection clause cases"). Therefore, it is
4  appropriate that this Court consider the Agreement attached as Exhibit "A" to the
5  declaration of Tom Slone, which establishes myFootpath's assent to the forum
6  selection clause.

7      2.    myFootpath Agreed to Litigate His Claims in a Illinois Court.

8  Venue in this Court is improper because myFootpath agreed that the
9  exclusive forum for all lawsuits between myFootpath and Touchstone is in
10 Chicago, Illinois. The forum selection clause in the Agreement executed by
11 myFootpath reads as follows:

> **14. Jurisdiction and Venue MFP AND PUBLISHER IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS IN ANY WAY, MANNER OR RESPECT, ARISING OUT OF OR FROM OR RELATED TO THIS AGREEMENT, THE ADVERTISING OR ANY DOCUMENT, INSTRUMENT OR TRANSACTION IN CONNECTION HEREWITH OR THEREWITH SHALL BE HEARD OR LITIGATED EXCLUSIVELY IN COURTS HAVING SITUS WITHIN THE CITY OF CHICAGO, COUNTY OF COOK, STATE OF ILLINOIS. MFP AND PUBLISHER CONSENT AND SUBMIT TO THE** EXCLUSIVE **JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURT LOCATED WITHIN SAID COUNTY, COUNTY AND STATE AND IRREVOCABLY WAIVE ANY RIGHT TO TRANSFER OR CHANGE VENUE OF ANY SUCH ACTION OR PROCEEDING OR OBJECT TO THE JURISDICTION OF ANY SUCH COURT OVER THE PARTIES HERETO.**

(Slone Decl., ¶¶2 and 3; Exhibit "A".)

28     3.    myFootpath Does Not and Cannot Challenge the Validity of the

-11-

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

Forum Selection Clause.

A forum selection clause is "prima facie valid" and should not be set aside unless the party challenging enforcement demonstrates that it is "unreasonable under the circumstances." (<u>M/S Bremen</u>, *supra,* 407 U.S. at 10 (holding that because forum selection clauses are presumptively valid they should be honored absent some compelling and countervailing reason). The Supreme Court has re-interpreted the Bremen standard of "unreasonable under the circumstances" as a standard of "fundamental fairness." (<u>Carnival Cruise Lines v. Shute</u> (1991) 499 U.S. 585, 595 (reversing appellate court's refusal to enforce forum selection clause that was included in the terms and conditions of passenger ticket).) The requisite unfairness has been narrowly construed and a party seeking to avoid a forum selection clause must satisfy a "heavy burden of proof." (<u>Ibid.</u>; *see also* <u>Argueta</u>, *supra,* 87 F.3d at 325.)  A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, (<u>Carnival Cruise</u>, *supra,* 499 U.S. at 591; <u>Bremen</u>, *supra,*407 U.S. at 12-13); (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court," (<u>Bremen</u>, *supra,* 407 U.S. at 18); or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. (<u>Ibid.</u>)  Notably, the Supreme Court expressly rejected the view that unequal bargaining power or a non-negotiated forum selection clause in a form contract is never enforceable. (<u>Carnival Cruise</u>, *supra,* 499 U.S. at 593-594.)

In this case, myFootpath has made no attempt to invalidate the forum selection provision and cannot satisfy the heavy burden of proof required. In its Cross-complaint, myFootpath ignored the forum selection provision and has made no attempt to challenge its validity. There are no allegations that the forum selection clause was incorporated into the Agreement as a result of fraud, undue

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

influence, or overweening bargaining power. Nor has myFootpath alleged how enforcing the forum selection clause could possibly deprive him of his day in court or that enforcement contravenes a strong public policy of California. The forum selection clause is clear, unambiguous and mandatory on its face and requires that myFootpath file suit against Touchstone in the State of Illinois, County of Cook and the City of Chicago.

          4.      This Litigation Falls Within The Scope of the Forum Selection Clause.

The mandatory forum selection clause contained in the Agreement is broad enough to cover the claims asserted in the Cross-Complaint. Federal courts have held that generally, "pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." (Crescent Intern., Inc. v. Avatar Communities, Inc.) (3d Cir. 1988) 857 F.2d 943, 944.) The Ninth Circuit has adopted the approach of applying a forum selection clause to claims arising out of a separate contract and to non-contract claims such as tort claims "where the claims alleged in the complaint relate to the interpretation of the contract." (Graham Tech. Solutions v. Thinking Pictures (N.D. Cal. 1997) 949 F. Supp. 1427, 1433 (citations omitted).)

In Manetti-Farrow, Inc. v. Gucci America, Inc. (9th Cir.1988) 858 F.2d 509, 514, the Ninth Circuit determined that plaintiffs tort claims, based on factual allegations that occurred subsequent to the execution of the contract containing the forum selection clause, were nevertheless within the scope of the clause because they related to interpretation of the contract and could not be "adjudicated without analyzing whether the parties were in compliance with the contract." Although myFootpath alleges equitable indemnity, contribution and declaratory relief, such claims arise out of, in connection with or with respect to the Agreement, and thus

-13-
MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

fall within the scope of the broadly worded forum selection clause included therein.

In addition, courts determining whether resolution of the claims relate to interpretation of the contract have liberally found tort claims to be covered. (Cedars-Sinai Medical Center v. Global Excel Management, Inc. (CD. Cal. Dec. 30, 2009) 2009 WL 7322253.) "Forum selection clauses can be seen as occupying a spectrum of varying degrees of coverage." (Cedars-Sinai, *supra,* 2009 WL 7322253 at 5. *See also* Manetti, *supra* 858 F.2d at 514 (forum selection clause governing disputes regarding "interpretation" or "fulfillment" of the contract applied to plaintiff's tort claims because the tort claims each "relate[d] in some way to rights and duties enumerated in the exclusive dealership contract").) This liberal application is consistent with the "federal standards indicat[ing] that a forum selection clause should control absent strong countervailing factors." (Flake, *supra,* 882 F.Supp. at 949 (citations omitted).)

     5.    myFootpath Breached the Very Agreement It Seeks to Enforce Rendering Its Hands "Unclean" Entitling Touchstone to a Dismissal and Attorneys' Fees.

It is a well settled equitable maxim that "he who comes into equity must come with clean hands." (Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co. (1945) 324 U.S. 806, 814.)   myFootpath violated the very Agreement it attempts to enforce by filing the instant action in California.  As set forth above, the Agreement contains a valid choice of venue clause and thus myFootpath cannot represent that it performed its own obligations under the contract.  If it had, it would have filed this action in the proper jurisdiction. In short, myFootpath comes to this court with "unclean hands" precluding all of its claims against Touchstone sounding in contract.

Further, the Agreement entitles the prevailing to its attorneys' fees and costs.

-14-
MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

**13. Governing Law.** This Agreement shall be governed by and constructed in accordance with the laws of the State of Illinois. In the event of any dispute, action or proceeding in connection with this Agreement, the Advertisership or any documents, instruments or transactions in connection therewith, the non-prevailing party shall pay all costs and expenses (including reasonable attorneys' and paralegals' fees and expenses) incurred by the prevailing party in connection with such dispute, action or proceeding.

(Slone Decl. ¶2; Exhibit "A".)

Weather applying California or Illinois law, attorneys' fees are recoverable when authorizes by a statute or contract. (Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 127; Mirar Dev. v. Kroner (1999) 308 Ill. App. 3d 483, 486.)

myFootpath breached the Agreement by filing its Cross-Complaint in California in direct violation of a valid choice of venue clause. As such, this matter should be dismissed and should be awarded its recover reasonable attorneys' fees as set for in the declaration of Sean Flynn filed concurrently herewith.

C. **Alternatively, This Court Should Transfer the Lawsuit to the U.S. District Court for the District of Illinois the Appropriate Venue Under the Forum Selection Clause.**

In the event that myFootpath wishes to pursue his claims in the proper forum, this Court, in lieu of dismissal, may order transfer to the U.S. District Court for the Northern District of Illinois. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (28 U.S.C. § 1406(a); Chudner, *supra,* 626 F. Supp.2d at 1088-1089 (enforcing forum selection clause and transferring case to different district where venue was proper).)

-15-
MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

The forum selection clause at issue here provides for exclusive jurisdiction for all claims against Touchstone in Chicago, Illinois. Accordingly, this Court should dismiss the Complaint against Touchstone or alternatively, transfer the case to the U.S. District Court for the Northern District of Illinois.

IV. **CONCLUSION**

For the foregoing reasons, Touchstone respectfully requests that this Court dismiss myFootpath's Cross-Complaint as to any and all claims against Touchstone or alternatively, that this Court transfer the lawsuit to the United States District Court for the Northern District of Illinois.

Dated: June 3, 2014

GORDON & REES LLP

By: /s/ Sean P. Flynn
Sean P. Flynn
GORDON & REES LLP
Attorneys for Defendant
TOUCHSTONE COMMUNICATIONS, LLP

NA/19713614v.1