Eric Sapir (SBN 282740)
es@ericsapirlaw.com
LAW OFFICE OF ERIC SAPIR
1431 7th St., Suite 206
Santa Monica, CA 90401
Telephone: (818) 570-3556
Facsimile: (818) 855-8063

Attorney for Plaintiff
ROBERT LAFERTE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAFERTE,<br><br>                    Plaintiff,<br><br>         vs.<br><br>MYFOOTPATH, LLC.; and<br>TOUCHSTONE COMMUNICATIONS-<br>II, LLC.,<br><br>                    Defendants. | Case No:  12-cv-10118 JGB (AJW)<br>[Honorable Judge Jesus G. Bernal]<br><br>**PLAINTIFF'S MEMORANDUM OF<br>CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference:  March 23, 2015<br>Time: 11:00 a.m.<br><br>Trial Date:  March 10, 2015 |

//
//
//
//
//
//
//
//
//

## **TABLE OF CONTENTS**

**I.   INTRODUCTION**……………………………………………………1

**II. PLAINTIFF'S CLAIMS** ……………………………....………………..2

   **A. Summary Statement of the Claims Plaintiff Has Pleaded and Plans to Pursue**………………………………………...……………………2

   **B. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(c)(1)**…....….3

   **C. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(d)(2)**….…..3

   **D. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(d)(3)**….…..3

   **E. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(d)(4)**….…..4

   **F. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(d)(6)**….…..4

**III.   EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS** ……………………4

   **A. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. § 64.1200(c)(1)**……………………… ……………………………4

     **1. Defendant called Plaintiff After 9 p.m. ……………………………4**

       **a. Summary Statement**…………………………………………4

       **b. Key Evidence)**………………………… …………………4

   **B. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. § 64.1200(d)(2).** …………………………………………...……5

     **1. Defendant Was Not Informed and Trained in the Existence and Use of the Do-Not-Call List**……………………………...…………………5

       **a. Summary Statement**………………………….…………...5

       **b. Key Evidence**………………………………………………5

   **C. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. § 64.1200(d)(3).** ………………………………...…………………6

     **1. Plaintiff Requested Not to Receive Calls from Defendant**……………6

       **a. Summary Statement**………………………….…………...6

    b. Key Evidence……………….…..……....………………6

2. Defendant Did Not Record the Request……………..……………..6

3. Defendant Did Not Place the Plaintiff's Name, If Provided, and Telephone Number On The Do-Not-Call List at the Time the…………………………………………………………6

D. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. § 64.1200(d)(4). …………………………………………..…..6

1. Defendant Did Not Provide Plaintiff With the Name of the Individual Caller…………….…..………………………………..……..6

    a. Summary Statement………………………………..……...6

    b. Key Evidence…………………………………..…..7

2. Defendant Did Not Provide Plaintiff With the Name of the Person or Entity on Whose Behalf the Call Was Being Made……………….…..7

3. Defendant Did Not Provide Plaintiff With a Telephone Number or Address at Which the Person or Entity May be Contacted……………………………………………………7

E. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. § 64.1200(d)(6). …………………………………………..7

1. Defendant Did Not Maintain a Record of Plaintiff's Request Not to Receive Further Telemarketing Calls……………………………..7

    a. Summary Statement………………………………….....7

    b. Key Evidence………………………………….....7

IV.   DEFENDANT'S AFFIRMATIVE DEFENSES……………………………7

A. Summary Statement of the Affirmative Defenses Defendant Has Pleaded and Plans to Pursue……………………………………………………7

B. Defendant's Affirmative Defense of Statute of Limitations and Evidence in Opposition……………………………………………………..8

    a. Key Evidence in Opposition……………………………...8

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

C. Elements Required to Establish Defendant's Affirmative Defense of Contributory/Comparative Fault and Evidence in Opposition……………8

    a. Key Evidence in Opposition……………………………………9

D. Elements Required to Establish Defendant's Affirmative Defense of Failure to Mitigate and Evidence in Opposition………………………………9

    a. Key Evidence in Opposition……………………………………9

E. Elements Required to Establish Defendant's Affirmative Defense of Estoppel and Evidence in Opposition…………………………..…………………10

    a. Key Evidence in Opposition…………………………………..10

F. Elements Required to Establish Defendant's Affirmative Defense of Laches and Evidence in Opposition…………………………..…………………10

    a. Key Evidence in Opposition…………………………………..10

G. Elements Required to Establish Defendant's Affirmative Defense of Unclean Hands and Evidence in Opposition……………………………..…………10

    a. Key Evidence in Opposition………………………………..…11

H. Elements Required to Establish Defendant's Affirmative Defense of Waiver and Evidence in Opposition……………………………………………11

    a. Key Evidence in Opposition…………………………………..11

I. Elements Required to Establish Defendant's Affirmative Defense of Failure to State a Claim and Evidence in Opposition………………………...………11

    a. Key Evidence in Opposition…………………………………..11

J. Elements Required to Establish Defendant's Affirmative Defense of Express Consent and Evidence in Opposition…………………………..…………..11

    a. Key Evidence in Opposition…………………………………..11

V. ANTICIPATED EVIDENTIARY ISSUES………………………………12

VI. ISSUES OF LAW…………………………………………………..…12

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**VII.   JURY TRIAL**…………………………………………..…………………………**13**

**IX.    ABANDONED CLAIMS**…………………………………………………..**13**

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

# TABLE OF AUTHORITIES

## Cases

*Bridge v. Ocwen Federal Bank*

    2009 WL 2781103 ...................................................................................................... 8

*CBS, Inc. v. Merrick*

    716 F.2d 1292, 1295 (1983) .................................................................................... 11

*CE Design v. Beaty Const., Inc.*

    2009 WL 192481 (2009) ............................................................................................ 8

*Charvat v. NMP, LLC*

    2012 WL 4482945 (2012) ........................................................................................ 12

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*

    467 U.S. 837 (1984) ................................................................................................ 12

*Davis v. Michigan Dep't of Treasury*

    489 U.S. 803 (1989) ................................................................................................ 13

*FDA v. Brown & Williamson Tobacco Corp.*

    529 U.S. 120 (2000) ................................................................................................ 13

*Getty v. Getty*

    187 Cal. App. 3d 1159 (1986) ................................................................................. 10

*Granite State Ins. Co. v. Smart Modular Technologies, Inc.*

    76 F.3d 1023 (1996). ............................................................................................... 10

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*

    484 U.S. 49 (1987) .................................................................................................. 13

*Kendall-Jackson Winery, Ltd. v. Superior Court*

    76 Cal.App.4th 970 (1999) ...................................................................................... 11

*Malone*

    155 Cal.App.4th 1152 (2007) .................................................................................... 8

*Miller v. Glenn Miller Productions, Inc.*

    454 F. 3d 975 (2006) .............................................................................................. 10

*Perrin v. United States*

    444 U.S. 37 (1979) ................................................................................ 13

*Salgado-Diaz v. Gonzales*

    395 F.3d 1158 (2005) ............................................................................ 10

*Saridakis v. United Airlines*

    24 Fed.Appx. 813 (2001) ...................................................................... 11

*Satterfield v. Simon & Schuster, Inc.*

    569 F.3d 946 (2009) .............................................................................. 11

**Statutes**

47 C.F.R. § 64.1200(c)(1) ........................................................................ 2, 3, 4

47 C.F.R. § 64.1200(d)(2) ........................................................................ 2, 3, 5

47 C.F.R. § 64.1200(d)(3) ........................................................................ 2, 3, 5

47 C.F.R. § 64.1200(d)(4) ..................................................................... 2, 3, 4, 6

47 C.F.R. § 64.1200(d)(6) ..................................................................... 2, 3, 4, 7

47 U.S.C § 227 ............................................................................................... 1

47 U.S.C. § 227(c)(5) .................................................................................... 13

**Jury Instructions**

CACI No. 2407 (2015) ................................................................................... 9

CACI No. 405 (2015) ..................................................................................... 9

Federal Jury Practice and Instructions - Civil § 126.12 (5th ed. 2000)   11

Plaintiff Robert Laferte ("Plaintiff") submits this Memorandum of Contentions of Fact and Law in advance of the Pretrial Conference, in accordance with Local Rule 16-4.

# I.  INTRODUCTION

Plaintiff alleges that defendant Touchstone Communications-II, LLC ("Defendant") called Plaintiff on 91 separate occasions in connection with a promotion of educational services on behalf of Myfootpath LLC. ("MFP"), resulting in several violations of the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq*. ("TCPA"), and its related regulations ("TCPA Regulations") that are set forth at 47 C.F.R. §64.1200.  Plaintiff asserts the following claims: (1) Defendant contacted Plaintiff after 9:00 p.m. in violation of 47 C.F.R. § 64.1200(c)(1); (2) Defendant failed to train the person(s) making the calls in the proper maintenance and use of its Do-Not-Call List, in violation of 47 C.F.R. § 64.1200(d)(2); (3) Defendant failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's requests, in violation of 47 C.F.R. § 64.1200(d)(3); (4) Defendant placed telemarketing calls to Plaintiff and consistently failed to identify the telephone number or address of the business, individual, or other entity initiating the call, in violation of 47 C.F.R. § 64.1200(d)(4); and (5) Defendant placed telemarketing calls to Plaintiff and failed to maintain a record of Plaintiff's request not to receive further telemarketing calls, in violation of 47 C.F.R. § 64.1200(d)(6).

# II. PLAINTIFF'S CLAIMS

## A. Summary Statement of the Claims Plaintiff Has Pleaded and Plans to Pursue

- Defendant violated 47 C.F.R. § 64.1200(c)(1) by contacting Plaintiff after 9:00 p.m.[1]

- Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train the person(s) making the calls in the proper maintenance and use of its Do-Not-Call List.[2]

---

[1] Count 12

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

- Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's requests.[3]

- Defendant violated 47 C.F.R. § 64.1200(d)(4) by placing telemarketing calls to Plaintiff and failing to identify the telephone number or address of the business, individual, or other entity initiating the call.[4]

- Defendant violated 47 C.F.R. § 64.1200(d)(6) by placing telemarketing calls to Plaintiff and failing to maintain a record of Plaintiff's request not to receive further telemarketing calls.[5]

**B. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(c)(1)**

- Initiation of a telephone solicitation to telephone subscriber before the hour of 8 a.m. or after 9 p.m.

  47 C.F.R. § 64.1200(c)(1).

**C. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(d)(2)**

- Initiation of a telephone call for telemarketing purposes to telephone subscriber; and

- Caller was not informed and trained in the existence and use of the do-not-call list.

  47 C.F.R. § 64.1200(d)(2).

---

[2] Counts 3, 6, 18, 26, 93.

[3] Counts 5, 11, 14, 16, 17, 22, 24, 25, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 70, 72, 74, 76, 78, 80, 82, 84, 86, 88, 90, 92, 94, 96, 98, 100, 102, 104, 106, 108, 110, 112, 114, 116, 118, 120, 122, 124, 126, 128, 130, 132, 134, 136, 138, 140, 142, 144, 146, 148, 150, 152, 154, 156, 158, 160, 162, 164, 166, 168, 170, 172, 174, 176 (misnumbered as 175), 178 (misnumbered as 177), 180 (misnumbered as 179), 182 (misnumbered as 181), 184 (misnumbered as 183), 186 (misnumbered as 185), 188 (misnumbered as 187), 190 (misnumbered as 189), 192 (misnumbered as 191), 194 (misnumbered as 193), 196 (misnumbered as 195), 198 (misnumbered as 197).

[4] Counts 1, 2, 4, 7, 9, 19, 27, 195 (misnumbered as 194).

[5] Counts 8, 10, 13, 15, 20, 21, 23, 28, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 159, 161, 163, 165, 167, 169, 171, 173, 175, 177 (misnumbered as 176), 179 (misnumbered as 178), 181 (misnumbered as 180), 183 (misnumbered as 182), 185 (misnumbered as 184), 187 (misnumbered as 186), 189 (misnumbered as 188), 191 (misnumbered as 190), 193 (misnumbered as 192), 195 (misnumbered as 194), 197 (misnumbered as 196).

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**D. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(d)(3)**

- Initiation of a telephone call for telemarketing purposes to telephone subscriber;
- Called party requested not to receive calls from caller;
- Caller did not record the request; and
- Caller did not place the called party's name, if provided, and telephone number on the do-not-call list at the time the request was made.

    47 C.F.R. § 64.1200(d)(3).

**E. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(d)(4)**

- Initiation of a telephone call for telemarketing purposes to telephone subscriber;
- Caller did not provide the called party with the name of the individual caller;
- Caller did not provide the called party with the name of the person or entity on whose behalf the call was being made; and
- Caller did not provide the called party with a telephone number or address at which the person or entity may be contacted.

    47 C.F.R. § 64.1200(d)(4).

**F. Elements Required to Establish Violation of 47 C.F.R. § 64.1200(d)(6)**

- Initiation of a telephone call for telemarketing purposes to telephone subscriber;
- Caller did not maintain a record of the calling party's request not to receive further telemarketing calls.

    47 C.F.R. § 64.1200(d)(6).

**III.   EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS**

**A. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. § 64.1200(c)(1).**

    1.   <u>Defendant called Plaintiff After 9 p.m.</u>

        a. *Summary Statement*

Plaintiff's telephone records, which were obtained directly from AT&T demonstrates that Defendant called Plaintiff on August 17, 2012 at approximately 11:21 p.m.

b. *Key Evidence*

Testimony

- Plaintiff's Testimony
- Tom Sloane
- Ali Janjua's Testimony

Documents

- AT&T Customer Consent
- AT&T Subpoena Center Response Cover Sheet
- Plaintiff's Telephone Records
- FTC Cover Letter Dated August 27, 2013
- Proof of Do-Not-Call Registration
- 1800 Call Notes for 201- 257- 4927
- Plaintiff's FCC Complaint
- Contract Between Myfoothpath and Touchstone
- Jobsnowavailable.com Account Creation Page
- Myfootpath About Us Webpage printout

**B. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. § 64.1200(d)(2).**

1. Defendant Was Not Informed and Trained in the Existence and Use of the Do-Not-Call List

a. *Summary Statement*

Plaintiff's telephone records, Plaintiff's testimony, Ali Janjua's testimony, and comments posted online by various called parties will establish that Defendant callers were not informed and trained in the existence and use of the do-not-call list, as

Defendant consistently called Plaintiff on 90 separate occasions after being notified to
cease all calls.

        b. *Key Evidence*

See Key Evidence under Section III(A)(1)(b) above.

**C. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. §
64.1200(d)(3).**

    1. <u>Plaintiff Requested Not to Receive Calls from Defendant.</u>

        a. *Summary Statement*

Plaintiff will establish that Defendant's personnel made several calls to Plaintiff
for telemarketing purposes and failed to record Plaintiff's name and/or telephone
number on the Do-Not-Call list because on August 17, 2012, at approximately 6:10
p.m., Defendant called Plaintiff for the first time.  Plaintiff spoke to a live caller, who he
told he was not interested and requested that no further calls be made to him.  Despite
Plaintiff's request, Touchstone continued to call him repeatedly.  Moreover, every other
call that Plaintiff answered from Touchstone, was made by a live caller as Plaintiff
could hear the callers breathing on the other line.

        b. *Key Evidence*

See Key Evidence under Section III(A)(1)(b) above.

    2. <u>Defendant Did Not Record the Request.</u>

See Summary Statement and Key Evidence under Sections III(C)(1)

    3. <u>Defendant Did Not Place the Plaintiff's Name, If Provided, and Telephone
Number On The Do-Not-Call List at the Time the.</u>

See Summary Statement and Key Evidence under Sections III(C)(1)

**D. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. §
64.1200(d)(4).**

    1. <u>Defendant Did Not Provide Plaintiff With the Name of the Individual
Caller.</u>

        a. *Summary Statement*

The evidence will establish that Defendant made several live connections to Plaintiff.  Plaintiff answered several telephone calls from Defendant where he could hear the live callers breathing on the line.  During each of these calls, Defendant failed to identify the telephone number or address of the business, individual, or other entity initiating the calls.

              b. *Key Evidence*

See Key Evidence under Section III(A)(1)(b) above.

      2. <u>Defendant Did Not Provide Plaintiff With the Name of the Person or Entity on Whose Behalf the Call Was Being Made.</u>

See Summary Statement and Key Evidence under Sections III(D)(1)

      3. <u>Defendant Did Not Provide Plaintiff With a Telephone Number or Address at Which the Person or Entity May be Contacted.</u>

See Summary Statement and Key Evidence under Sections III(D)(1)

**E. Plaintiff Will Establish His Prima Facie Case for Violation of 47 C.F.R. § 64.1200(d)(6).**

      1. <u>Defendant Did Not Maintain a Record of Plaintiff's Request Not to Receive Further Telemarketing Calls.</u>

              a. *Summary Statement*

The evidence will establish that Plaintiff requested not to receive further telemarketing calls from Defendant during the first call on August 17, 2012.  Despite Plaintiff's request, Touchstone called Plaintiff on 90 subsequent separate occasions.  During the calls that Plaintiff answered, he could hear the live callers breathing on the other line.  Notably, Defendant did not record Plaintiff's request and continued to call him.

              b. *Key Evidence*

See Key Evidence under Section III(A)(1)(b) above.

//

//

## IV.   DEFENDANT'S AFFIRMATIVE DEFENSES

### A. Summary Statement of the Affirmative Defenses Defendant Has Pleaded and Plans to Pursue

- First Affirmative Defense: Statute of Limitations.

- Second Affirmative Defense: Contributory/Comparative Fault

- Third Affirmative Defense: Failure to Mitigate

- Fourth Affirmative Defense: Estoppel

- Fifth Affirmative Defense: Laches

- Sixth Affirmative Defense: Unclean Hands

- Seventh Affirmative Defense: Waiver

- Eight Affirmative Defense: Failure to State a Claim

- Ninth Affirmative Defense: Express Consent.

### A. Defendant's Affirmative Defense of Statute of Limitations and Evidence in Opposition

- Plaintiff filed the Complaint more than four years after the date the alleged TCPA conduct was committed by Defendant.

*CE Design v. Beaty Const., Inc*., No. 07 C 3340, 2009 WL 192481 (N.D. Ill. January 6, 2009); *Bridge v. Ocwen Federal Bank,* 2009 WL 2781103 (N.D. Ohio August 28, 2009); *Sznyter v. Malone*, 155 Cal.App.4th 1152 (Cal. App. 4 Dist. 2007).

a. *Key Evidence in Opposition*

<u>Testimony</u>

- Plaintiff's Testimony

- Tom Sloane

- Ali Janjua's Testimony

<u>Documents</u>

- AT&T Customer Consent

- AT&T Subpoena Center Response Cover Sheet

- Plaintiff's Telephone Records

## B. Elements Required to Establish Defendant's Affirmative Defense of Contributory/Comparative Fault and Evidence in Opposition

- Plaintiff was negligent; and
- Plaintiff's negligence was a substantial factor in causing his harm.

See CACI No. 405 (2015)

### a. *Key Evidence in Opposition*

<u>Testimony</u>

- Plaintiff's Testimony
- Tom Sloane
- Ali Janjua's Testimony

<u>Documents</u>

- AT&T Customer Consent
- AT&T Subpoena Center Response Cover Sheet
- Plaintiff's Telephone Records
- FTC Cover Letter Dated August 27, 2013
- Proof of Do-Not-Call Registration
- 1800 Call Notes for 201- 257- 4927
- Plaintiff's FCC Complaint
- Contract Between Myfoothpath and Touchstone
- Jobsnowavailable.com Account Creation Page
- Myfootpath About Us Webpage printout

## C. Elements Required to Establish Defendant's Affirmative Defense of Failure to Mitigate and Evidence in Opposition

- Plaintiff failed to use reasonable efforts to mitigate damages;
- The amount by which damages would have been mitigated.

See CACI No. 2407 (2015)

a. *Key Evidence in Opposition*

See Key Evidence under Section IV(B)(a) above.

**D. Elements Required to Establish Defendant's Affirmative Defense of Estoppel and Evidence in Opposition**

- Party to be estopped knows the facts
- intends to induce reliance
- the party asserting estoppel is ignorant of the facts, and
- reliance by the party asserting estoppel.

See *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1166 (9th Cir. 2005); *Granite State Ins. Co. v. Smart Modular Technologies, Inc.*, 76 F.3d 1023, 1029 (9th Cir. 1996).

a. *Key Evidence in Opposition*

See Key Evidence under Section IV(B)(a) above.

**E. Elements Required to Establish Defendant's Affirmative Defense of Laches and Evidence in Opposition**

- Plaintiff's unreasonable delay, and
- prejudice to the defendant.

See *Miller v. Glenn Miller Productions, Inc.*, 454 F. 3d 975, 997 (9th Cir. 2006); *Getty v. Getty*, 187 Cal. App. 3d 1159, 1170 (1986).

a. *Key Evidence in Opposition*

See Key Evidence under Section IV(B)(a) above.

**F. Elements Required to Establish Defendant's Affirmative Defense of Unclean Hands and Evidence in Opposition**

- Plaintiff engaged in conduct that violates conscience, good faith, or other equitable standards of conduct.
- Plaintiff's misconduct relates directly to the transaction underlying Plaintiff's lawsuit (i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants).

- There is a direct relationship between Plaintiffs misconduct and Plaintiff's claimed injuries so that it would be inequitable to grant Plaintiffs requested relief.

See *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal.App.4th 970, 978-79 (App. 1999).

### a. *Key Evidence in Opposition*

See Key Evidence under Section IV(B)(a) above.

## G. Elements Required to Establish Defendant's Affirmative Defense of Waiver and Evidence in Opposition

- Plaintiff's intentional relinquishment of a known right after knowledge of all the relevant facts.

See Federal Jury Practice and Instructions - Civil § 126.12 (5th ed. 2000); *CBS, Inc. v. Merrick*, 716 F.2d 1292, 1295 (9th Cir. 1983); *Saridakis v. United Airlines*, 24 Fed.Appx. 813, 816 (9th Cir. 2001).

### a. *Key Evidence in Opposition*

See Key Evidence under Section IV(B)(a) above.

## H. Elements Required to Establish Defendant's Affirmative Defense of Failure to State a Claim and Evidence in Opposition

- Plaintiff has failed to state a claim upon which relief can be granted.

See F.R.C.P. Rule 12(b)(6).

### a. *Key Evidence in Opposition*

See Key Evidence under Section IV(B)(a) above.

## I. Elements Required to Establish Defendant's Affirmative Defense of Express Consent and Evidence in Opposition

- Plaintiff consented to receive telephone calls from Defendant.

See *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 955 (2009).

### a. *Key Evidence in Opposition*

See Key Evidence under Section IV(B)(a) above.

## V. ANTICIPATED EVIDENTIARY ISSUES

Plaintiff anticipates Defendant will seek to preclude evidence of Plaintiff's telephone records.  It is Plaintiff's position that Plaintiff's telephone records are properly authenticated.  In addition, Defendant should be precluded from offering or introducing testimony by any witness that Defendant did not either (a) identify in its initial Rule 26 disclosures; or (b) identify in interrogatory responses; or (c) make available for deposition.  Moreover, Defendant should be precluded from offering or introducing any evidence that was requested but not produced in the course of discovery.

## VI.    ISSUES OF LAW

Plaintiff anticipates the following issues of law:

(1) Whether calls made during the 30 day "grace period" with respect to 47 C.F.R. § 64.1200(d)(3) are subject to statutory damages.  It is Plaintiff's position that each violation under C.F.R. § 64.1200(d)(3) even if committed during the 30-day period is subject to statutory damages.  *Charvat v. NMP, LLC*, 2012 WL 4482945 *5 (S.D.Ohio 2012) ($50 for each violation of the TCPA made prior to the expiration of the grace period).

(2) Whether Plaintiff can obtain statutory damages for multiple violations per call.  It is Plaintiff's position that he should be awarded damages for multiple violations per call, as opposed to damages on a per-call basis.  In *Chevron*, the Supreme Court set forth a two-step test for judicial review of administrative agency interpretations of federal law.  Courts give broad deference to an agency's interpretation meeting this test. First, the Court must determine "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."  *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-843 (1984).  Second, if a statute is silent or ambiguous with respect to the issue at hand, we must defer to the agency so long as "the agency's answer is

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

based on a permissible construction of the statute." *Id*. at 843. An agency's interpretation is permissible, unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id*. at 844. "It is well settled that the starting point for interpreting a statute is the language of the statute itself." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc*., 484 U.S. 49, 56 (1987). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). Another "fundamental canon of statutory construction [is] that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *FDA v. Brown & Williamson Tobacco Corp*., 529 U.S. 120, 133 (2000) (quoting *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989).

Congress enacted the TCPA in 1991 amidst an unprecedented increase in the volume of telemarketing calls to consumers in America. The intent of Congress is clear, which is to punish telemarketers for harassing those individuals who wish not to receive any calls. The TCPA combats the threat to privacy being caused by the telemarketing practices at issue in this case by declaring that:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> **(A)** an action based on a **violation** of the regulations prescribed under this subsection to enjoin such **violation**
>
> **(B)** an action to recover for actual monetary loss from such a **violation**, or to receive up to $500 in damages for each such **violation**, whichever is greater, or
>
> **(C)** both such actions… If the court finds that the defendant willfully or knowingly **violated the regulations** prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(c)(5) (emphasis added).

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Here, taking the words of the TCPA statutory language in its ordinary, contemporary, and common meaning, Plaintiff is confident that the TCPA imposes statutory damages on a per violation basis, as opposed to a per-call basis, subjecting Defendant to a greater amount of statutory damages for its conduct as alleged by Plaintiff, which is consistent with the public policy in punishing telemarketers for invasion of the consumers' privacy.

## VII.   JURY TRIAL

A jury trial has been timely requested by Plaintiff.

## IX.   ABANDONED CLAIMS

Plaintiff has abandoned his requests for attorney's fees, actual damages in the form of emotional distress, and punitive damages.

Dated: January 30, 2015              **LAW OFFICE OF ERIC SAPIR**

By: ____/s/ Eric Sapir_____
Eric Sapir
Attorney for Plaintiff
ROBERT LAFERTE

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**